Argued and submitted December 20, 2019, reversed and remanded
March 16, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL LEE SOPRYCH,
*Defendant-Appellant.*

Washington County Circuit Court
17CR76882; A167764

507 P3d 276

Defendant appeals a judgment of conviction for unlawful possession of methamphetamine and possession of a controlled substance in schedule IV. He challenges, among other things, the prosecutorial statements made during *voir dire* that remarked on his right to a trial and the presumption of innocence; he argues that under both the state and federal constitutions the trial court erred by denying a motion for a mistrial. *Held*: The prosecutor's statements during *voir dire* undermined the presumption of innocence and deprived defendant of an opportunity for a fair trial guaranteed by the state and federal constitutions. Accordingly, the trial court erred by denying the motion for a mistrial.

Reversed and remanded.

Janelle F. Wipper, Judge.

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna R. Hershey, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Hannah K. Hoffman, Assistant Attorney General.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

JAMES, J.

Reversed and remanded.

**JAMES, J.**

Defendant appeals from a judgment of conviction of one count of unlawful possession methamphetamine, ORS 475.894(2)(a) and one count of possession of a controlled substance in schedule IV, ORS 475.752(3)(d), raising two arguments, divided into four assignments of error. In defendant's first and second assignments he challenges prosecutorial statements made during *voir dire*, arguing under both the state and federal constitutions that the trial court erred in denying his motion for a mistrial. Our resolution on that issue obviates the need to address defendant's third and fourth assignments of error. We conclude that the statements were an impermissible comment on defendant's invocation of the constitutional right to trial. Given the context, an adverse inference was inescapable and accordingly, the trial court abused its discretion in denying the mistrial motion. Accordingly, we reverse.

We review a trial court's denial of a motion for mistrial for abuse of discretion. *State v. Worth*, 231 Or App 69, 74, 218 P3d 166 (2009). Under the abuse of discretion standard, we consider whether the decision of the trial court was within a range of legally correct choices and whether it produced a permissible and legally correct outcome. *Id*. If the effect of improper comments or conduct at trial is to deny a defendant a fair trial, the court abuses its discretion in denying a motion for a mistrial. *Id*. at 74-75.

During *voir dire*, the prosecutor asked the following questions to the venire panel:

"[THE STATE]:  So, everyone's comfortable with the fact that if you and (indiscernible) are accused of a crime you have an absolute constitutional right to a trial, right? Everyone—everyone agree with that.

"[DEFENSE COUNSEL]:   I'm going to object for a second and ask for a sidebar."

After the sidebar, the prosecutor continued with her line of questioning:

"[THE STATE]:   All right. So everyone's comfortable with this process as part of our right, right?

"And so do we have any bags, any handbags down here? Okay.

"So let's say that I look over and I see a handbag, and I say, 'Oh, that's a really nice handbag, I like that a lot.'

"And I reach over and I grab it and I say, 'I'm stealing this handbag. I'm stealing this handbag and I'm going to keep it forever,' and I walk out that door. And since all of you were being recorded there's video surveillance in here and I run out there and I yell, 'I'm keeping this bag. I'm stealing it forever. This is mine now.'

"And the bag gets stops out there and I say, 'Okay, you got me. I was stealing the bag. I admit it. I took it. You got me.' I have a right to a trial. Everyone's still okay with that?

"[PROSPECTIVE JURORS]:   Yes.

"[THE   STATE]: Everyone   understands   that   in America this is our absolute constitutional right, and that's why you're all here to uphold that right. You're okay with that?

"[PROSPECTIVE JURORS]:   Yes."

After the jury was selected, the court gave defense counsel an opportunity to state for the record the issue that the parties discussed during the sidebar. Defense counsel moved for a mistrial, and the trial court denied that motion:

"THE COURT:   [W]e need to put on the record the issue that we talked about at sidebar.

"[DEFENSE COUNSEL]:   Yes, Your Honor. And at this time, Defense objects to the State's hypothetical and pointing out to the jury that everyone has a right to a trial even if it's obvious they've committed a crime. It is an improper comment on innocence. It's an improper comment on any of the evidence and it's also conditioning the jury, and at this point we would move for a mistrial because it is improper, it's a constitutional violation.

"THE COURT:   Ms. Meisel?

"[THE STATE]:   It's not improper. It wasn't—it's proper to talk in jury—in *voir dire* about somebody's constitutional rights and about the right to a trial and the fact that we're here. And the question was, or the statement was, just

because there's a trial doesn't mean there's an issue and—that's all I have.

"THE COURT:   The way the phrase, the question was phrased, the Court does not feel it was improper which is why I allowed the questioning to continue and the Court was making sure I kept listening to make sure it didn't go any further so that there were any potential issues. It did not and I am denying the request for a mistrial."

We turn now to our discussion of the merits. Article I, section 11, of the Oregon Constitution provides, in part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed * * *."

Article I, section 11, as well as the Due Process Clause of the Fourteenth Amendment to the United States Constitution, guarantees a criminal defendant's right to a fair trial by an impartial jury. *State v. Langley*, 363 Or 482, 504, 424 P3d 688 (2018); *Morgan v. Illinois*, 504 US 719, 726-27, 112 S Ct 2222, 119 L Ed 2d 492 (1992). That right guarantees that a defendant shall be tried by a jury that will decide guilt based on evidence—not emotion or prejudice. *State v. Evans*, 344 Or 358, 362, 182 P3d 175 (2008); *Smith v. Phillips*, 455 US 209, 217, 102 S Ct 940, 71 L Ed 2d 78 (1982).

A prosecutor's reference to or comment on a defendant's invocation of a constitutional right, such as the right to counsel, the right to remain silent, or the right to a trial, may prejudice a defendant's ability to have a fair trial if the jury is likely to draw a negative inference from the exercise of that right. *State v. Smallwood*, 277 Or 503, 505-06, 561 P2d 600, *cert den*, 434 US 849, 98 S Ct 160, 54 L Ed 2d 118 (1977) ("There is no doubt that it is usually reversible error to admit evidence of the exercise by a defendant of the rights which the constitution gives him if it is done in a context whereupon inferences prejudicial to the defendant are likely to be drawn by the jury."); *State v. Nulph*, 31 Or App 1155, 1162, 572 P2d 642 (1977), *rev den*, 282 Or 189 (1978) ("[T]he state should not benefit from the improper, although perhaps logical, inference that a defendant who invokes his right * * * is guilty of the charged offense. * * * [S]uch an inference is

likely to * * * penalize one for exercising his rights." (Citation omitted.)). "The fact that a prosecutor's conduct is not intentional does not affect a defendant's fundamental right to a fair trial." *State v. Grenawalt*, 86 Or App 96, 98, 738 P2d 232, *rev den*, 304 Or 405 (1987).

One such negative inference can be the erosion, or misconstruction, of the presumption of innocence. "The presumption of innocence is not a mere form, but a substantial part of the law, that remains with the defendant from the beginning of the trial until a verdict is found." *State v. Rosasco*, 103 Or 343, 357, 205 P 290 (1922). Prosecutorial statements that distort the presumption of innocence can necessitate a mistrial. *Worth*, 231 Or App at 76.

An improper comment on a constitutional right can occur directly, but also through targeted innuendo. As the Oregon Supreme Court noted in *State v. Pinnell*

> "The attempt to communicate impressions by innuendo through improper statements of counsel in offering evidence or by putting impermissible questions to a witness is a similar improper tactic which has often been condemned by the courts. *See generally* 6 Wigmore on Evidence, § 1808 (Chadbourn Rev. 1976). Our holding today comports in large measure with the standards set forth by the American Bar Association (ABA). The ABA Standards for Criminal Justice, Standard 3-5.3(c) (2d ed. 1980), provides:
>
> > "'The opportunity to question jurors personally should be used solely to obtain information for the intelligent exercise of challenges. A prosecutor should not intentionally use the *voir dire* to present factual matter which the prosecutor knows will not be admissible at trial or to argue the prosecution's case to the jury.'"

311 Or 98, 108 n 16, 806 P2d 110 (1991). *See also Griffin v. California*, 380 US 609, 614, 85 S Ct 1229, 14 L Ed 2d 106 (1965) (any comment on or adverse inference drawn from a defendant's assertion of his or her right not to testify violates the Fifth Amendment); *United States v. Johnston*, 127 F3d 380, 396 (5th Cir 1997) (an impermissible comment on a constitutional right can be direct, or indirect; the inquiry is whether the "character of the remark was such that the jury would naturally and necessarily construe it as a comment on the [invocation of the right]").

Here, the prosecutor's hypothetical was a thinly veiled comment on defendant's choice to exercise his right to a trial and was improper. However, not every improper comment on a constitutional right requires a mistrial.

> "The context in which a reference is made to the defendant's invocation of a constitutional right may be such that the jury's attention is directed away from the adverse inference of guilt based on the invocation. Where the context makes such an inference unlikely, the trial court does not abuse its discretion if it denies the defendant's motion for a mistrial."

*State v. Veatch*, 223 Or App 444, 456, 196 P3d 45 (2008).

Here, the context did not draw the jury away from a negative inference; rather, the negative inference was the premise of the prosecutor's hypothetical. Indeed, the prosecutor explained that the purpose of the hypothetical was to tell the jury that just because "there's a trial doesn't mean there's an issue." That purpose, and that inference, undermine the presumption of innocence in a way similar to the statement discussed in *Worth*. 231 Or App at 76 (holding that the trial court erred by not granting a mistrial when the prosecutor repeatedly misstated the defendant's presumption of innocence to the jury). The prosecutor readily admitted that the implication she was seeking to draw was that defendant was exercising his right to a trial even though the prosecutor believed, and by extension the jury should as well, that the evidence of guilt was overwhelming. In short, the implication of the prosecutor's hypothetical and additional comments was that obviously guilty people will invoke their right to a trial, and this jury had been called only as a formality, because defendant was one of that group.

Under the Oregon Constitution, when determining whether an error was harmless, the dispositive question is whether there is "little likelihood that the particular error affected the jury's verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (construing Or Const, Art VII (Amended), § 3, which requires this court to affirm trial court judgments, notwithstanding an error in the trial, if this court is of the opinion "that the judgment of the [trial court] was such as should have been rendered"). For purposes of the

federal constitution, we ask whether, "on the whole record, the constitutional error was harmless beyond a reasonable doubt." *Delaware v. Van Arsdall*, 475 US 673, 681, 106 S Ct 1431, 1436, 89 L Ed 2d 674 (1986). Prosecutorial error in *voir dire* can harm the eventual trial. *See, e.g.*, *State v. Banks*, 367 Or 574, 591, 481 P3d 1275 (2021). Here, we conclude that, given the context, the *voir dire* question and hypothetical undermined the presumption of innocence and deprived defendant of an opportunity for a fair trial in front of an impartial jury, as guaranteed under both the state and federal constitutions.

Reversed and remanded.