***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted March 8, reversed and remanded June 7, petition for review
allowed October 19, 2023 (371 Or 509)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

IVAN ROSALIO MENDEZ PEREZ,
aka Ivan Rosalio Mendez-Perez,
*Defendant-Appellant.*

Linn County Circuit Court
20CR69674; A175803

Rachel Kittson-MaQatish, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

Defendant appeals from a judgment of conviction for second-degree disorderly conduct, ORS 166.025, second-degree criminal trespass, ORS 164.245, harassment, ORS 166.065, and resisting arrest, ORS 162.315. In five assignments of error, defendant challenges as plain error several statements made by the prosecutor in rebuttal argument. We reverse and remand.

Defendant focuses on the following argument, made by the prosecutor at the close of rebuttal:

> "I think oftentimes when you have trial, [the] *jury might have a misconception about the purposes of trial*. The trial is this. Every person has the absolute right to a criminal trial in every case. That should be celebrated. The state should have the obligation of proving the case to the jury. In this case, the state submits to you that it has demonstrated that evidence through the production of the testimony. Every element is satisfied. *Just because there is a trial doesn't necessarily mean there's a controversy of fact*. Everybody has a right to trial. I think we should celebrate this process, and I think you should go back and deliberate and return a guilty verdict to every charge. Thank you."

(Emphases added to denote the challenged statements.) At trial, defendant did not raise any objections to the prosecutor's arguments.

Improper arguments made by a prosecutor amount to plain error when "it is beyond dispute that the prosecutor's comments were so prejudicial as to have denied [the] defendant a fair trial." *State v. Pierpoint*, 325 Or App 298, 303, 528 P3d 1199 (2023) (citing *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022)). To determine whether that standard is met, we must first determine whether the asserted error is "plain," that is, whether it (1) is one of law, (2) is obvious and not reasonably in dispute, and (3) appears on the record. *Id.* at 304.

As it is undisputed that the error appears on the face of the record, we focus on the first and second prongs. Addressing the second prong first, the challenged arguments were obviously improper because they "were an impermissible comment on defendant's invocation of the constitutional

right to trial" and "distort[ed] the presumption of innocence." *State v. Soprych*, 318 Or App 306, 307, 310, 507 P3d 276 (2022) (concluding that a prosecutor's argument was improper where it implied that "obviously guilty people will invoke their right to a trial" and the "defendant was one of that group").

As to the first prong, to amount to an error of law in this context, the prosecutor's arguments must be "so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial." *Pierpoint*, 325 Or App at 309. We conclude that that standard has been met here because the presumption of innocence is "fundamental to the American justice system," the misstatements were made at the end of rebuttal, and the prosecutor compounded the error by arguing that the state is also entitled to due process. *Chitwood*, 370 Or at 317-21 (describing factors to determine whether a prosecutor's impermissible comments rise to the level of "legal error"). Given the gravity of the errors, we exercise our discretion to correct them, and therefore reverse defendant's convictions.

Reversed and remanded.