532 January 31, 2024 No. 68

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RIAN ALLEN CARLIN,
*Defendant-Appellant.*

Marion County Circuit Court
21CR23077, 22CN00075; A177926 (Control), A177925

Courtland Geyer, Judge.

Argued on December 13, 2023.

Frances J. Gray argued the cause and filed the briefs for appellant. Rian A. Carlin filed the supplemental brief *pro se*.

Lauren P. Robertson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Reversed and remanded.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for unlawful use of a weapon, ORS 166.220. He raises multiple assignments of error, only two of which we reach because they are ultimately dispositive. In his first and second assignments of error, defendant argues that the prosecutor made comments during *voir dire* that violated defendant's right to a fair trial. Although defendant did not object at the time, he nevertheless claims that the error is plain and that we should exercise our discretion to correct it. We agree. This case is virtually indistinguishable from *State v. Soprych*, 318 Or App 306, 311, 507 P3d 276 (2022), in which we concluded that a prosecutor's similar statements during *voir dire* were improper comments on the defendant's choice to exercise his constitutional right to a fair trial. We therefore reverse and remand.

During *voir dire*, in response to two potential jurors who expressed concern about the inconvenience of jury service, the prosecutor stated:

"Does everybody understand, though, that every person charged with a crime has a right to trial? And so, you know, while this may—it is a big time commitment for everyone involved, but it is that person's right to a trial, that includes very obvious cases and very complex cases, so let's say we're all in here right now and someone comes running in and they say, 'Judge Geyer, I'm going to steal your clock,' and they climb up there, they take the clock, and they run out, they just committed a theft, right, they told us what they were going to do, we watched them take it, we're all witnesses to this crime, that person still has a right to trial and it would be the prosecutor, the State's job to present the evidence, we would call witnesses and say, you know, 'What did you see happen?' and we would have to prove that case beyond a reasonable doubt even if it's super straightforward such as that one, does everyone understand that? Okay."

Defendant did not object to the prosecutor's statements but argues on appeal that, under *Soprych*, the error is plain.

We agree. In *Soprych*, the prosecutor used a very similar hypothetical, only instead of a clock, the prosecutor used an example of a "really nice handbag" that someone

stole in front of the venire panel. 318 Or App at 307-08. The prosecutor, after setting forth that hypothetical, then said that, even though the hypothetical defendant in that case admitted to taking the bag, that hypothetical defendant would "have a right to a trial." *Id.* at 308. The prosecutor then stated, "Everyone's still okay with that? * * * Everyone understands that in America this is our absolute constitutional right, and that's why you're all here to uphold that right. You're okay with that?" *Id.* The defendant moved for a mistrial, which the trial court denied. *Id.*

On appeal, we reversed. We concluded that "the prosecutor's hypothetical was a thinly veiled comment on [the] defendant's choice to exercise his right to a trial and was improper." *Id.* at 311. We acknowledged that not every improper comment on a constitutional right requires a mistrial, but that the context in *Soprych* "did not draw the jury away from a negative inference; rather, the negative inference was the premise of the prosecutor's hypothetical." *Id.* And that inference, in turn, undermined the defendant's right to a fair trial because the implication of the hypothetical was that "obviously guilty people will invoke their right to a trial, and this jury had been called only as a formality, because [the] defendant was one of that group." *Id.*

The same is true here. As in *Soprych*, the apparent premise of the prosecutor's hypothetical was that every defendant has a right to a trial, no matter if the case is "super straightforward" because every member on the venire panel observed defendant stealing the judge's clock.

To be sure, as the state argues, there are slight differences between *Soprych* and this case, inasmuch as the prosecutor here noted that the state carried the burden to prove the case beyond a reasonable doubt and made reference to both "very obvious cases and very complex cases." We are unpersuaded, however, that those differences are material. Although the prosecutor made references to obvious and complex cases, she did so before she presented the hypothetical. After presenting the hypothetical, the prosecutor observed that the state carried the burden of proof, but then referred to that burden even in "super straightforward" cases such as the hypothetical (and without including

a reference, as she had previously, to both obvious and complex cases). The implication, as in *Soprych*, was that obviously guilty people will invoke their right to trial and that, by extension, defendant was part of that group. What is more, the prosecutor's comments came in response to concerns raised about the time commitment of jury service. Emphasizing the right to trial in "super straightforward" cases in response to concerns about the time required to serve on a jury further undermined defendant's right to a fair trial in front of an impartial jury.

We thus conclude that, given the context, the *voir dire* question and hypothetical undermined the presumption of innocence and deprived defendant of an opportunity for a fair trial in front of an impartial jury, and that—particularly given the similarity to *Soprych*—the error was obvious. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (an error is plain when it is an error of law and the legal point is obvious and not reasonably in dispute). We further conclude, again based on *Soprych*, that the error is of such gravity that, if defendant had moved for a mistrial, the "trial court would have erred, as a matter of law, in denying it." *See State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022) (addressing improper prosecutorial comments in the plain error context). We agree with defendant that the error is not harmless and, given the gravity of the error and the charges, we exercise our discretion to correct the error.[1]

Reversed and remanded.

---

[1] Given our disposition on defendant's first and second assignments of error, we do not reach his third or fourth claim of error nor the *pro se* supplemental claims of error.