84 June 4, 2025 No. 492

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH EMILE JONES,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CR32054; A182927

Kathie F. Steele, Judge.

Submitted May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

## JACQUOT, J.

Defendant appeals from a judgment of conviction following a jury trial, for first-degree theft, ORS 164.055. In two assignments of error, he contends that the trial court erred by allowing the prosecutor to argue during closing and rebuttal arguments that the jury should "hold [defendant] accountable." Defendant's claims of error are unpreserved. After consideration of the record and the parties' arguments, we determine that the challenged prosecutor's comments were not improper, and we affirm.

We have discretion whether to review unpreserved arguments for plain error. *State v. Vanornum*, 354 Or 614, 630, 317 P3d 889 (2013). "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *Id.* at 629.

"[A]n unpreserved challenge to prosecutorial statements must demonstrate that the statements were so prejudicial that they deprived defendant of a fair trial"; that is, "if the defendant had made a motion for a mistrial, the trial court would have erred, as a matter of law, in denying it." *State v. Chitwood*, 370 Or 305, 312-14, 518 P3d 903 (2022). "[T]o satisfy the plain-error requirement that the alleged error be 'one of law,' a defendant must prove that the prosecutor's comments were not just 'improper,' but 'so prejudicial as to have denied [the] defendant a fair trial.'" *State v. Perez*, 373 Or 591, 605, ___ P3d ___ (2025) (quoting *Chitwood*, 370 Or at 312 (brackets in *Perez*)). "In other words, the prosecutor's comments must have been so prejudicial that an instruction by the trial court to the jury to disregard the comments 'would not have been sufficiently curative' to ensure that the defendant received a fair trial." *Perez*, 373 Or at 605 (quoting *Chitwood*, 370 Or at 312); *see also State v. Pierpoint*, 325 Or App 298, 302, 528 P3d 1199 (2023) (even if improper, a prosecutorial comment does not constitute plain error unless it was "so prejudicial that an instruction to disregard [it] would not have been sufficient[]" to ensure that the defendant received a fair trial). We review "statements made by a party during argument in context,

not in a vacuum." *State v. Mayo*, 303 Or App 525, 530, 465 P3d 267 (2020).

In his first assignment of error, defendant contends that reversal is required, because during closing argument, the prosecutor stated, "I ask you to hold [defendant] accountable and find him guilty of theft in the first degree." In his second assignment of error, he challenges the prosecutor's reprisal during rebuttal, "Again, I'd ask you to hold the defendant accountable and find him guilty." Defendant argues that those remarks by the prosecutor deprived defendant of a fair trial because the prosecutor "urged the jury to find defendant guilty based on emotion rather than the evidence presented at trial."

The state responds that the challenged remarks "ask[ed] the jury to perform its duty to return a verdict based on the evidence." Alternatively, the state argues that it is not obvious and beyond reasonable dispute, *Chitwood*, 370 Or at 311, that the challenged remarks were improper.

It was not improper for the prosecutor to ask the jury to hold defendant accountable and find him guilty. *Cf. Perez*, 373 Or at 617-20 (Bushong, J., concurring) (describing a number of arguments that are improper for a prosecutor to make). Asking the jury to hold defendant accountable does not, by itself, suggest a "negative inference" against defendant. *Cf. State v. Soprych*, 318 Or App 306, 309, 507 P3d 276 (2022) ("A prosecutor's reference to or comment on a defendant's invocation of a constitutional right, such as the right to counsel, the right to remain silent, or the right to a trial, may prejudice a defendant's ability to have a fair trial if the jury is likely to draw a negative inference from the exercise of that right."). Defendant does not point to any other aspects of the prosecutor's arguments, or the state's prosecution of the case as a whole, that would support a determination that in asking the jury to hold defendant accountable, the prosecutor was inviting or encouraging the jury to decide the case based on emotion, morality, or bias.

Affirmed.