No. 523 July 31, 2024 89

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SCOTT CHRISTOPHER SMITH,
*Defendant-Appellant.*

Washington County Circuit Court
21CR37152; A177810

Ricardo J. Menchaca, Judge.

Submitted February 27, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction and sentence for one count of first-degree sexual abuse, ORS 163.427. On appeal, defendant contends that the prosecutor's remarks during closing argument constituted plain error because those remarks included an argument that defendant bore the burden of persuasion on whether defendant acted knowingly and with sexual purpose. Applying the analysis from *State v. Chitwood*, 370 Or 305, 518 P3d 903 (2022), we conclude that, although the prosecutor's challenged statements were improper, it is not beyond dispute that the closing argument when viewed in context was so prejudicial as to have denied defendant a fair trial. Accordingly, we affirm.

The following procedural facts are undisputed. Defendant was charged with two counts of first-degree sexual abuse. He was accused of twice intentionally touching the breast of a 13-year-old girl, J, who was spending the night with defendant's daughter. Defendant testified that his hand might have accidentally contacted J's chest when he tripped and fell onto the couch where she was sleeping. He denied intentionally touching her and denied having a sexual purpose. Importantly, defendant did not raise any defense on which he would bear the burden of production or persuasion.

During closing argument, the prosecutor made the statements challenged on appeal:

> "Now this is also where we're going to start talking about the defendant's trial testimony because, while it is my burden to prove to you beyond a reasonable doubt this happened, the defense has chosen to put on evidence, and they've chosen to put on a defense, right.

> "So, on some level, if they want you to buy that, we call it a burden of persuasion, right."

Defendant did not object to those statements, ask for a curative instruction, or move for a mistrial. On appeal, he asserts that they constitute plain error, and that we should exercise our discretion to correct the error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956

(1991) (outlining the requirements for plain-error review as the first step of the inquiry and explaining that, even if the alleged error meets those requirements, the court must decide to exercise its discretion to correct the error and articulate its reasons for doing so in the second step of the inquiry).

Defendant argues on appeal, relying on *Chitwood*, that the trial court erred when it failed to *sua sponte* grant a mistrial or give the jury a curative instruction. In *Chitwood*, the Supreme Court explained that a prosecutor's misconduct could be remedied on appeal as plain error if the misconduct ultimately resulted in the denial of a fair trial. That is, the court explained that even in the absence of preservation, appellate review is permitted, and reversal may be warranted, if "it is beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial." *Id.* at 312 (internal quotation marks and citation omitted).

Generally, a jury instruction is adequate to cure any presumed prejudice from a prosecutor's misconduct; however, some prosecutorial statements are "so prejudicial that, as a practical matter, the bell once rung, cannot be unrung by such an admonishment." *Id.* at 311-12 (internal quotation marks and citation omitted). For purposes of a preserved objection, the court observed that, if an instruction would not suffice to ensure a fair trial, the trial court would be required to grant a mistrial. In those circumstances, the failure to grant a mistrial would constitute an abuse of discretion. *Id.*

Where there was no objection, and in the plain-error context relating to a prosecutor's improper statements during rebuttal closing argument, the standard of review on appeal becomes the same as when the error is preserved: The defendant must show not only that the prosecutor's comments were improper or impermissible, but that the prosecutor's comments were so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial. *State v. Pierpoint*, 325 Or App 298, 302-03, 528 P3d 1199

(2023). In that situation, the court explained, the denial of the right to a fair trial indicates "plain error." *Id.* at 303 (citing *Chitwood*, 370 Or at 312). Ultimately, our review must determine "whether, under the circumstances as a whole, defendant was denied the right to a fair trial, as a matter of law, by the events that transpired at trial." *Chitwood*, 370 Or at 312 (internal quotation marks and citation omitted).

With those standards in mind, we start our analysis by determining whether the prosecutor's remarks during closing were improper. Remarks concerning evidence that a defendant has or has not presented can sometimes fall on either side of a thin line. On one side, it is permissible for a prosecutor to argue that a defendant's evidence is unconvincing, and that the jury should not be persuaded by it. On the other side of that thin line, it is impermissible for a prosecutor to argue that a defendant was required to or had a burden to present corroborating evidence, evidence that contradicts the state's evidence, or, indeed, any evidence at all.

Here, the prosecutor's statements imply that, by choosing to "put on evidence," and choosing to "put on a defense," defendant therefore took on a burden of persuasion. The problem, of course, is that defendant did not raise a defense in which he would have had the burden of production or the burden of persuasion. As defendant's argument asserts, the statements were impermissible because they were framed in terms that the jury might believe to be an explanation of the law. The prosecutor used the legal term "burden of persuasion," referred to it as a term that lawyers use—"we call it"—and referred to defendant having made a choice to "put on evidence" and "put on a defense," which impermissibly implied that those choices carried the consequence of acquiring a burden of persuasion as to that evidence and defense.

The state remonstrates that the prosecutor's closing argument was lengthy, and that the prosecutor referred multiple times to the state having the burden of proof. In that context, the state asserts, the challenged statements would not have been understood as shifting a burden to defendant. We disagree. Although it is true that the prosecutor

referred multiple times to the state having the burden of proof, in context, the statements about defendant's burden could still have been misleading or confusing to the jury. That is, the prosecutor's formulation of the state's burden of proof, at least in some instances, left room for an understanding that defendant also had a burden of persuasion because he had chosen to "put on evidence" and "put on a defense." Specifically, the prosecutor referred, at times, to the state's burden as being a burden to persuade the jury that the complaining witness was telling the truth:

> "So, it is my burden to prove to you beyond a reasonable doubt that [J] is telling the truth, and I want to make sure that I put that out there clearly, unambiguously, right out of the gate, okay."

The case turned largely on whether the jury believed J's testimony or defendant's testimony. During closing, the prosecutor posited that there were three possible conclusions about J's testimony: (1) she was telling the truth; (2) she was lying; or (3) she was mistaken. Emphasizing that those were the only possible conclusions, the prosecutor argued to the jury why it should not believe defendant:

> "[M]y expectation, again, is that, when you start deliberating on this case, you're going to quickly come to the conclusion we believe [J]. We don't believe [defendant]. He's lying to us. He sexually abused her. Did he do it once? Did he do it twice? That's where I think you're going to end up."

The prosecutor did not repeat his earlier statement that defendant had a burden of persuasion.

Defense counsel began his closing statement by acknowledging that the defense was not asking the jury to find that J lied. Instead, the defense focused on the situation where J had woken up in the middle of the night to find defendant with a hand on her breast, not knowing what had happened immediately before that. Defense counsel asserted that J's testimony could have been the truth as she understood it, based on her after-the-fact interpretation of what she experienced:

> "Number one, the defense is not suggesting that [J] is lying. Something traumatic happened to her. She's

explained it. There are some reasons she might not be exactly accurate.

"But she's somebody who was not a problem child. She seems like a good kid. She's a 13-year-old young lady. And she wakes up with somebody on her, and that would be shocking to anybody. And, as she deals with it, she talked about going and trying to process it and think about it and figure out what's going on."

That is, the defense strategy proposed that there was reasonable doubt about whether defendant's conduct was volitional and intentional, and whether it was done for a sexual purpose.

After considering the entire context of the prosecutor's challenged statements, we conclude that the prosecutor's remark was improper. It was a misstatement of a foundational principle of criminal law, that a criminal defendant is presumed innocent and, except in limited circumstances not relevant here, has no burden of production or persuasion. Further, in context, the prosecutor's statement could have left the jury with the erroneous impression that, if it disbelieved defendant's testimony, the state had necessarily met its burden. That impression, of course, is not accurate with respect to how the state meets its burden to prove all of the elements beyond a reasonable doubt. That is, the jury could have disbelieved defendant's testimony and also found that the state failed to meet its burden. Thus, because the prosecutor's injection of a burden of persuasion could have confused the jury on who had the burden of proof and the consequences of failing to meet that burden, we agree with defendant's argument that the challenged statements were impermissible.

The Supreme Court, however, has instructed us that to prevail on this type of claim, a defendant must show not only that the prosecutor's comments were improper or impermissible, but that the prosecutor's comments were so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial. *See Pierpoint*, 325 Or App at 302-03. Essentially, we understand the *Chitwood* analysis to require

prosecutorial misconduct so severe that the only possible remedy was for the trial court to grant a mistrial.[1]

Here, although the prosecutor's statements were improper, a mistrial was not the only appropriate or available remedy. Had there been an objection, the trial court could have provided an instruction to the jury to disregard the prosecutor's misstatement of the law. Although improper, the prosecutor's single misstatement was not a statement that called to mind bias, emotions, or other improper bases for deciding the case. Nor did the misstatement introduce new or inadmissible evidence. It was, instead, a straightforward and potentially easy-to-dispel misstatement of the legal consequences of defendant deciding to put on evidence, testify, and mount a defense. *See State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023) (explaining that "prosecutorial statements that were improper but curable are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial" (emphasis omitted)).

In sum, we conclude that the prosecutor's statement concerning defendant's "burden of persuasion" associated with defendant choosing to "put on evidence" and to "put on a defense" was improper but curable. Accordingly, it is not beyond dispute that the comments were so prejudicial as to have denied defendant a fair trial considering the circumstances.[2]

Affirmed.

---

[1] We observe that some challenges arise from the Supreme Court's analysis in *Chitwood*. First, despite defining the claim as one of prosecutorial misconduct, *Chitwood* uses a standard for assessing trial court error to analyze the claim, specifically asking whether the trial court would have been required to grant a mistrial. Because *Chitwood* equates plain error with a mandatory mistrial, it insulates instances of clear prosecutorial misconduct from review on direct appeal. Second, *Chitwood* focuses on the level of harm to determine whether there was plain error (the first step under *Ailes*). That approach arguably conflates the discretionary question about whether to correct an error (the second step under *Ailes*) with the first. In so doing, *Chitwood* arguably insulates on direct appeal one form of prosecutorial misconduct in a manner inconsistent with other plain errors, particularly vouching testimony. At the end of the day, however, we are bound by *Chitwood* and have applied it in this case.

[2] Defendant also assigns error to the trial court's imposition of a post-prison supervision term that differed from what the court had announced during sentencing when defendant was present. The trial court, however, subsequently entered an amended judgment on its own motion correcting the PPS term, which defendant acknowledges moots that assignment of error.