636 May 21, 2025 No. 451

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DUSTIN CODY SMITH,
*Defendant-Appellant.*

Marion County Circuit Court
21CR47333; A180616

David E. Leith, Judge.

Argued and submitted October 15, 2024.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

HELLMAN, J.

Affirmed.

_____
\* Lagesen, Chief Judge *vice* Mooney, Senior Judge

**HELLMAN, J.**

Defendant appeals an amended judgment of conviction for sexual abuse in the second degree, ORS 163.425, harassment, ORS 166.065, and two counts of assault in the fourth degree constituting domestic violence, ORS 163.160(3). On appeal, defendant raises 12 assignments of error, all of which challenge statements that the prosecutor made during closing and rebuttal arguments.[1] He argues that the statements denied his right to a fair trial and constituted plain error. As explained below, we conclude that it is not beyond dispute that the prosecutor's statements were so prejudicial as to have denied defendant a fair trial. We therefore affirm.

Defendant was convicted of the above crimes for acts that he committed over a period of a of several months against his then-girlfriend, V. V walked to a police station and reported the abuse following an incident where defendant made violent threats against her and the couple's child. At trial, the state presented supporting evidence of the assaults that included photographs of bruising on V's body and testimony from family members whom V had told about the abuse. The state's evidence related to the sexual assault consisted only of V's testimony.

Defendant's defense theory at trial was that V was not credible. He emphasized that V had not reported any sexual assault when she first disclosed the abuse to law enforcement and sought to show that V had fabricated the allegations of abuse in an attempt to gain custody of their child and profit financially.

On appeal, defendant makes arguments under *State v. Chitwood*, 370 Or 305, 518 P3d 903 (2022), contending that the prosecutor made statements during closing and rebuttal arguments that violated his right to a fair trial. Portions of the closing argument that defendant challenges include the prosecutor referencing a *voir dire* discussion, the prosecutor asserting how sexual assaults are typically

---

[1] Defendant also raised a thirteenth claim of error challenging the trial court's imposition of per diem fees. The trial court has since amended the judgment, and that issue is now moot.

proven, and the prosecutor using a legal phrase in suggesting that V's memory was reliable:

> "I want to bring you back to a conversation that we had during the jury selection process. When everybody was here and I opened the floor and said, why, based on your common sense and your life experiences, why would somebody who's been in domestic violence situation, who has been subjected to this violence at home, why would they not report that. Okay, and *recall some of your answers. Right, it came from you*, fear, is one of the first ones. Fear of repercussions. Fear of coming forward and not being believed. Fear of finding yourself in a situation where you have to come to Court. And talk about this deeply personal stuff in front of strangers, right. Isolation. Don't have anybody to talk to. We talked about, *you all talked about, financial uh, and housing implications, right. \* \* \* And we also talked about uh, children.* Are there children involved and what does that look like? Everything that we talked about, *everything that you all brought up* about why somebody would not want to discuss domestic violence. Not want to report it, would rather just put their head down and bear it. And maintain the status quo. *All of that applies to [V].*

> "\* \* \* \* \*

> "Now for the assaults, there's corroborating evidence, photographs, medical records, things like that. For the sexual assaults there's not, there's her testimony. As part of these instructions, Judge Leith is going read to you, he will [instruct] you that the testimony of any person that you believe is enough to prove any fact in dispute, okay. I'll, I'll say it again, the testimony of any person that you believe is enough to prove any fact in dispute. What that means is if you believe her, he's guilty, and you can find him guilty, and you should find him guilty. I will suggest to you that *the vast majority of sexual assaults have to be proven this way.* With testimony, especially late report sexual assaults, and domestic violence sexual assaults, *there is not a plethora of evidence there.* She did not go to the hospital and get a rape kit. *Most don't.* But her testimony is enough to prove any fact in dispute.

> "\* \* \* \* \*

> "Small little things that, that are burned into her memory that she talked about. If anybody here has been through

prolonged trauma, I would expect that probably rings true. That is [*sic*] probably sounds about right. Those little things I would suggest *in legal terms what we call those indicia of reliability*, okay. Little details that if you're fabricating this, you're making this up, you're not talking about that."

Defendant also challenges statements that the prosecutor made during rebuttal argument. The challenged statements include saying it was "highly inappropriate" for defense counsel to use the phrase "I think," that defense counsel's argument about the victim's motive was "ridiculous," and stating that certain evidence was not seen by the jury because it was "hearsay" and "not admissible." Defendant contends that the statements were improper and denied him a fair trial. Specifically, defendant argues that the statements urged the jury to rely on facts not in evidence, undermined the presumption of innocence, vouched for the complainant, misstated the law, and denigrated defense counsel. Because defendant did not object to the statements at the time that they were made, he asks us to review as plain error the trial court's failure to *sua sponte* grant a mistrial.

An error is plain when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). To determine whether a prosecutor's statements in closing argument amount to reversible plain error, we consider first whether the statements were obviously improper or impermissible, *i.e.*, whether there is no reasonable dispute that the statements encouraged the jury to rely on facts not in evidence or that they undermined defendant's presumption of innocence. *See State v. Perez*, 373 Or 591, 606-07, __P3d___ (2025) (explaining that the "preliminary question" in determining whether a prosecutor's challenged statements rise to the level of plain error is whether the defendant has demonstrated that it is "obvious and beyond reasonable dispute that the prosecutor's comments were improper").

We address the challenged statements in reverse order and conclude that the prosecutor's statements in

rebuttal were not obviously improper. The prosecutor's contention that it was "highly inappropriate" for defense counsel to use the phrase "I think" and that defense counsel's argument about the victim's motive was "ridiculous" were not personal attacks on defense counsel. Rather, they were directed at the arguments that defense counsel made and were stated in the context of reminding the jury that "what the attorneys say is not evidence" and urging the jury to "listen to the [jury] instructions." Further, the prosecutor's statement that certain evidence was not seen by the jury because it was "hearsay" and "not admissible" was in response to specific evidence raised by defense counsel in his closing. The prosecutor accurately stated that the specific evidence was not admitted into evidence and, although the court had not ruled it to be hearsay, the focus of the prosecutor's argument was to encourage the jury not to consider defense counsel's argument. Importantly, the prosecutor did not suggest that the unadmitted evidence would have benefited the state's case.

Moving to defendant's challenges to the statements made in closing argument, we are not persuaded that the prosecutor's argument in closing as to the reliability of V's testimony was obviously improper. The prosecutor's statement regarding V's memory was grounded in the testimony that the jury heard. *See State v. Slay*, 331 Or App 398, 404, 545 P3d 768, *rev den*, 372 Or 560 (2024) ("Advocacy, whether it be in the criminal or civil context, would be nearly impossible if attorneys were not able to comment on a witness's credibility, provided that their argument is grounded in the evidence in the record."). The prosecutor listed various details that V recalled and testified to and suggested that those details made it unlikely that V was lying, and we are not persuaded that the prosecutor's use of a legal phrase made the statement obviously improper.

We do agree, however, that the prosecutor's statements about *voir dire* and how other sexual assaults are proven were obviously improper. Of particular concern are the prosecutor's assertions that "the vast majority of sexual assaults" are proven using the same evidence that the state presented in this case, and that V's response to being

sexually assaulted was like that of "[m]ost" victims. The state presented no evidence about how other sexual assault cases are prosecuted, or any evidence as to whether most sexual assault victims go to a hospital. The statements suggested that the state had background knowledge of such facts that supported its case, but which it had never presented. That suggestion eroded the protections of the rules of evidence and the presumption of innocence.

The statements about *voir dire* and reasons for disclosure that were not included in V's testimony were also improper. In her own testimony, V provided various reasons why she did not initially disclose the sexual assault, including "shame," "guilt," and because she was not comfortable discussing it, and the prosecutor appropriately referred to those reasons in closing argument. However, the prosecutor also improperly referred to reasons that he himself raised to the prospective jurors during *voir dire*, suggested that those reasons came from the jurors, and argued that those reasons all "applie[d] to V." That portion of the closing argument improperly relied on facts that were not in evidence to bolster V's credibility.

Having concluded that the prosecutor made improper statements, we must consider whether the improper statements meet the standard for plain-error review. To meet that standard, defendant must demonstrate that the statements "were 'so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all the circumstances, that [he] received a fair trial.'" *Perez*, 373 Or at 606 (quoting *Chitwood*, 370 Or at 312). Where a defendant makes that showing, the denial of the right to a fair trial indicates "plain error." *Id.* at 607. Finally, we consider whether to exercise discretion to correct the error. *Chitwood*, 370 Or at 322.

Having considered the improper statements, we are not persuaded that they rise to the level of plain error. That is, we are not persuaded that the "only appropriate or available remedy" to the trial court was to declare a mistrial. *State v. Smith*, 334 Or App 89, 95, 554 P3d 817 (2024). Had defense counsel immediately objected when the prosecutor discussed *voir dire* or suggested how the "majority of

sexual assaults" are proven, the court would have had the opportunity to strike the statements and remind the jury to rely only on the testimony and evidence presented during the trial. *See State v. Dumdei*, 337 Or App 246, 254-55, 562 P3d 634 (2025) (explaining that "we understand the 'curative instructions' contemplated in the current plain error analysis to refer to instructions given immediately following the prosecutor's improper statements which directly address the misconduct").

Further, both improper statements were made during closing argument. An objection by defendant would have not only provided the court with an opportunity to strike the statements or provide a curative instruction, but also have given defense counsel the opportunity to address them in his own closing argument. *See Chitwood*, 370 Or at 317-18 (explaining that improper statements made during rebuttal argument are the most prejudicial because they do not leave the defendant an opportunity to make a counter argument). Here, defense counsel could have reiterated the court's curative instruction and made counter arguments, such as suggesting that the reason behind the improper statement was the prosecutor's own recognition of the weakness of the state's evidence and burden of proof. Accordingly, defendant has not established plain error, and we need not consider whether to exercise discretion to correct any error.

Affirmed.