No. 556　　　　　　June 18, 2025　　　　　　397

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AUSENCIO ZURITA SOLANO,
aka Ausencio Solano Zurita,
aka Ausencio Zuritasolano,
*Defendant-Appellant.*

Clackamas County Circuit Court
19CR58379; A182148

Thomas J. Rastetter, Judge.

Submitted April 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Defendant was convicted of first-degree rape, ORS 163.375, and two counts of first-degree sexual abuse, ORS 163.427. In defendant's sole assignment of error, he argues that the trial court plainly erred when it allowed the prosecutor to make three statements in closing argument that denied him a fair trial.[1] We conclude that the statements were not obviously improper and therefore affirm.

In closing argument, the prosecutor made the following statements to the jury:

"And so here's the proposition I have for you; What you saw from [the victim] yesterday on that witness stand detailing this rape and sexual abuse, that was either real raw emotion of someone doing their best to recap in front of you strangers, this [j]udge, and this courtroom what happened, or it was rehearsed. It was real or rehearsed and that's your decision today[.]

"* * * * *

"Does she have a motive to make this up? I told you, this comes down to her testimony ultimately, whether it is real or rehearsed, whether this is a grand conspiracy orchestrated by [the victim] or if she's just here doing the best she can to tell you about what happened.

"* * * * *

"[W]as [the victim]'s testimony, was her description here what happened, was it real or rehearsed? Is this a grand conspiracy by [the victim] to set up someone that was no longer in her life[?]"

Defendant did not object to the statements during trial. To reach an unpreserved error as plain error, we must determine that the assigned error is (1) one of law; (2) obvious and not reasonably in dispute; and (3) apparent on the face of the record. *State v. Chitwood*, 370 Or 305, 311, 518 P3d 903 (2022). If the error is plain, we may exercise our discretion to correct it if the prosecutorial statements were

---

[1] Defendant asserts that the statements were made in the state's closing rebuttal, which made them all the more prejudicial because it left him without an opportunity to respond during the trial. However, our review of the record shows that the prosecutor made the statements in the state's first closing argument.

"so prejudicial that they deprived defendant of a fair trial." *Id*. at 314.

In defendant's view, the prosecutor's statements were obviously improper because they improperly shifted the burden to defendant by suggesting that defendant failed to show evidence to undermine an element, disparaged defense counsel and mischaracterized their role, commented on defendant's exercise of his constitutional rights, and impermissibly urged the jury to decide the case on an improper basis. Defendant argues that even if he had objected to the "numerous comments," a curative instruction from the trial court could not have overcome their cumulative prejudicial effect. The state responds that the statements were not obviously improper, and even if they were, the comments were not so prejudicial as to be incurable with a jury instruction and deprive defendant of a fair trial.

A prosecutor may not "encourage the jury to decide the case on an improper basis," *Chitwood*, 370 Or at 315; give personal opinions on witness credibility, *State v. Sperou*, 365 Or 121, 134, 442 P3d 581 (2019); or make statements about the jury's fact-finding function that are likely to confuse the jury, *State v. Totland*, 296 Or App 527, 530-31, 438 P3d 399, *rev den*, 365 Or 502 (2019). However, a prosecutor has "wide latitude to make *arguments* from the evidence," and they may "argue that the *jury* should regard a witness as credible (or not) based on, for instance, the witness's demeanor and testimony." *Sperou*, 365 Or at 130, 135 (emphasis in original).

We conclude that the prosecutor's statements here are not plain error because they are not obviously improper. *State v. Perez*, 373 Or 591, 607, ___ P3d ___ (2025) (concluding that the defendant failed to establish plain error on appeal because the prosecutor's comments were not obviously improper). It is not obvious that the prosecutor's statements shifted the burden of proof to defendant, disparaged defense counsel, implicated defendant's constitutional rights, or asked the jury to disregard the state's burden of proof. Even considering their cumulative effect, the prosecutor's three statements effectively asked the jury to conclude that the alleged victim was a credible witness and lacked a

motive to fabricate the allegations based on her demeanor during her testimony and the fact that defendant was not presently in her life. Those are permissible arguments or, at the least, are not obviously improper.

Thus, the trial court did not plainly err when it allowed the prosecutor to make the statements in question in closing arguments.

Affirmed.