880 March 18, 2026 No. 217

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT JOEL LONG,
aka Robert Long,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR37339; A180741

Ann M. Lininger, Judge.

Submitted October 23, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant appeals his judgment of conviction of two counts of first-degree sexual abuse, ORS 163.427. Defendant argues that several statements in the state's closing arguments constituted improper referral to facts not in evidence and improper vouching for the witness's credibility. Defendant did not object to those statements during trial and asks us to conclude that the statements were plain error and to exercise our discretion to reverse defendant's convictions. We affirm.

BACKGROUND

Because defendant was convicted, the facts are presented in the light most favorable to the state. *State v. Johnson*, 342 Or 596, 598, 157 P3d 198 (2007), *cert den*, 552 US 1113 (2008).

In early 2019, defendant's daughter, S, lived with defendant when she was 11. The Oregon Department of Human Services (ODHS) first became involved with the family in March of 2019 when it received a report through its child abuse hotline. ODHS arranged for S to have a forensic interview at the Children's Center, during which she reported witnessing domestic violence and experiencing physical abuse, but did not report any sexual abuse. S was moved into a foster home.

When asked who she first told about the sexual abuse, S stated that she first told a few friends her same age and then later told a few adults, including her foster mother. In her second interview at the Children's Center on March 17, 2020, S reported that defendant had sexually abused her.

At trial, S testified to her "unstable" upbringing, recounting the many people she had lived with and the many places where she had lived. She stated that moving so often had been hard. When asked to explain why she did not report sexual abuse at the first interview, S stated that she was "too scared that no one was going to believe [her]."

During closing statements, the state argued that the jury should not infer a lack of credibility from S not

reporting the sexual abuse during the first forensic inter-
view. The state emphasized S's unstable and difficult life,
arguing that the lack of trustworthy adults explained why S
did not disclose earlier. The state further argued for the jury
to credit S's testimony, stating that "[S] was honest when
she said she didn't remember something. *** I would sub-
mit to you that the nature and quality of her testimony is
trustworthy, and you should trust it."

The jury found defendant guilty of two counts of
first-degree sexual abuse, and the trial court entered a
judgment of conviction. Defendant timely appealed.

## ANALYSIS

Defendant contends that the prosecutor's state-
ments during closing argument were plain error because (1)
they improperly referred to facts not in evidence and (2) they
constituted impermissible vouching. We find neither argu-
ment persuasive.

As a preliminary matter, defendant concedes that
he did not object to the claimed improper statements at trial;
and, thus, the claimed errors were not preserved. Defendant
therefore asserts that the statements were plain error. To
show plain error, the burden is on defendant to "prove that
the claimed error is one of law, is obvious and not reasonably
in dispute, and appears on the record." *State v. Perez*, 373 Or
591, 604, 568 P3d 940 (2025).

Here, we determine that defendant has not estab-
lished that it was plain error for the trial court to allow the
prosecutor's statements because it is not "obvious and not
reasonably in dispute" that those statements referred to
facts not in evidence or were improper vouching.

First, defendant's argument that the prosecutor's
assertion that S did not have adults she could trust and
had a "pretty bad life" were overgeneralizations and refer-
ences to facts not in evidence is unpersuasive because those
claims were reasonable inferences that could be drawn from
S's testimony. S testified that it was hard moving so often
and that her seeming to be "passed around" between rela-
tives made her feel "unstable." She further stated that she

did not report the sexual abuse at first because she was "too afraid no one would believe [her]." Those statements provide an evidentiary basis for the prosecutor's closing argument, and thus it is not "obvious" from this record that the prosecutor's statements were improper.

Second, defendant's claim that the prosecutor's statements improperly vouched for the credibility of the witness does not persuade us because the claimed vouching comments were arguments intended to persuade the jury that the evidence supported S's credibility. *See State v. Slay*, 331 Or App 398, 403-04, 545 P3d 768, *rev den*, 372 Or 560 (2024) (acknowledging that "[a]ttorneys play an important role in synthesizing evidence and advocating for their client based on that evidence" and "[a]dvocacy * * * would be nearly impossible if attorneys were not able to comment on a witness's credibility, provided that their argument is grounded in the evidence in the record"). In the prosecutor's closing statement, the arguments about the trustworthiness of the witness were based on S's statements and demeanor during her testimony and predominately accompanied by language such as "I submit to you" and "I would ask you," which emphasized that the prosecutor was trying to persuade the jury to view the evidence in a favorable way and was thus entirely proper. Moreover, in the leadup to the claimed vouching statements, the prosecutor reminded the jury that it was the sole arbiter of credibility. Thus, when the claimed vouching statements are viewed in context, whether the prosecutor's statements were error could be reasonably disputed, and thus we conclude those statements were not plainly erroneous.

Defendant argues that his case is like *State v. Montgomery*, 327 Or App 655, 662, 536 P3d 627 (2023), *rev den*, 371 Or 825 (2024), in which we determined that the prosecutor's vouching comments warranted exercising our discretion to correct the plain error. This comparison is inapposite because in that case, the prosecutor repeatedly referred to the defendant as a liar and to his testimony as lies instead of pointing the jury to evidence in the record that cast doubt on defendant's testimony or lent credibility to the state's witnesses. *Id.* at 658-60. We articulated that

the problem was that the prosecutor's argument was "in the nature of 'take my word for it,' not 'let me show you.'" *Id.* at 660-61 (internal citations removed). Here, in contrast, the prosecutor's statements were not so obviously detached from the evidence that they constituted plain error.

Affirmed.